WILLIAM FLANNEGAN *v.* JACOB STIFEL and others.

October Term, 1877.

HOMESTEAD — WIDOWER WITH CHILDREN — TIME AND MODE OF OCCUPA-TION.— A widower, who with two children, one of them under age, takes possession of and occupies as a residence the upper story of a house in a city, the lower part of which is rented to others, and the equity of redemp-tion in which house belongs to him, acquires at once a homestead-right in the premises superior to that of a judgment-creditor, who only fixed a lien thereon six days thereafter, by the filing of this bill.

HOMESTEAD — SALE, AND INVESTMENT OF PROCEEDS — RIGHTS OF CRED-
ITOR.— Where the property in which a party has acquired a homestead-
right is sold, either under a previous mortgage, or because indivisible and
worth more than the amount of homestead-exemption, the proceeds, to
which the homestead-right attaches, must be invested in another homestead
for the debtor; but the creditor's lien will follow the money into the new
investment, and he may sell the same, subject to the homestead, the pur-
chaser being entitled to possession whenever the homestead-right termi-
nates in any way.

*Ruhm*, for complainant.
*Fogg*, for defendants.

THE CHANCELLOR : — On September 29, 1875, complain-
ant recovered judgment against the defendant Jacob Stifel
and one Louis Pfeiffer for $728.65, on which execution has
been issued and returned *nulla bona*. The claim on which
the judgment was recovered was a partnership liability of
the defendants as partners, under the style of Stifel & Co.
On March 18, 1874, these defendants conveyed all the part-
nership property to one H. Metz, as trustee, for the benefit
of their creditors, and this trust is now being administered
in this court, and the assets will pay perhaps seventy-five
per cent of the debts secured. The complainant accepted
the benefits of the trust, and has received his *pro rata* of the
dividends made. The defendant Stifel is the owner of a lot
on Cedar Street, in Nashville, on which is a dwelling-house.
He had mortgaged this property to defendant Frey, to
secure a debt of about $750. On August 22, 1876, this bill
was filed to subject the equity of redemption of Stifel in
said house and lot to the satisfaction of complainant's judg-
ment. On August 16, 1876, the defendant Stifel, who had
previously been occupying partnership property as a resi-
dence, moved into the upper story of the house on Cedar
Street, with his two children, one of whom is now of age and
the other is nineteen years old, and has since occupied the
said upper story with them, the lower story being rented to
others. Since the filing of complainant's bill, the defend-
ant Frey has obtained a foreclosure of his mortgage by a

sale of the property for $1,700, under which sale the defendant Stifel has been turned out of possession.

The complainant, although entitled to the benefit of the trust-deed of Stifel & Co., had a right to pursue all other remedies open to him to obtain satisfaction of his debt. The judgment against the individual partners gave him the right, notwithstanding the partnership deed, to reach the separate property of either party. *House* v. *Thompson*, 3 Head, 512. The judgment not having been registered, under the Code, sec. 2984, and the interest of Stifel in the property sought to be reached being equitable, the complainant acquired no lien except from the filing of the bill. *Chapron* v. *Nidelete*, 3 Humph. 661; *Branner* v. *Nance*, 3 Coldw. 299; Code, sec. 4286. The homestead-right of Stifel, by actual occupancy with his two children, had previously been acquired. Such occupancy in good faith is sufficient at once to create the right of exemption, under our law, for it is the possession as a homestead which is protected by the Constitution, and act of 1870, sec. 80. A father who is a widower with children, one of them a minor, is the head of a family within the act. And the exemption is expressly extended, by the second section of the act, to equitable estates, which would include an equity of redemption. *Cheatham* v. *Jones*, 68 N. C. 153. Where there is a limitation in value of the homestead, — as in this state, the limitation being to $1,000, — the use of a portion of the homestead for business purposes ought not to affect the exemption, for the creditor may always reach the value over the exemption. Smyth on Homestead, sec. 75 *et seq.* Our statute gives the homestead in the land " and the improvements thereon." And, besides, *non constat* that the whole house, in this instance, may not be used as a homestead when the term of renting, at the date of occupancy, runs out.

I am of opinion, therefore, upon the facts before us, that Stifel was, at the filing of the bill, entitled to the homestead-

right in the property sought to be reached, and is now enti-tled to have the excess of the proceeds of sale over the mortgage-debt, to the extent of $1,000, if so much there be, invested in the purchase of a homestead for the said Stifel and family. But the complainant will be entitled to a lien on such moneys, and on the homestead in which they may be invested, subject to the homestead-right, and to a decree for a sale of the same. The purchaser will be entitled to the land in which the money may be invested, whenever the homestead-right terminates in any way. The costs will be paid out of the proceeds of sale, if sufficient; and if not, by the complainant. If the proceeds pay more than the difference between the debt and the trust-dividends, the defendant Stifel will be entitled to be subrogated to the rights of the complainants in the trust-assets to the extent of such excess.