RAYBURN v. NORTON.

(*Nashville.* January 21st, 1887.)

HOMESTEAD. *In lands sold under execution. Wife estopped to claim, when.*

The wife cannot assert her claim to homestead in lands of the husband which has been sold under execution, for his debts, where, after such sale, she joined in conveying other lands owned by him, worth more than $1,000, on which they resided.

Cases cited and approved: Hildebrand v. Taylor, 6 Lea, 659; Enochs v. Wilson, 11 Lea, 228.

---

FROM COFFEE.

---

Appeal from the Chancery Court of Coffee County. E. D. HANCOCK, Ch.

B. M. TILLMAN and P. C. ISBELL for Rayburn.

A. S. MARKS and I. C. STONE for Norton.

SNODGRASS, J. William G. Rayburn was the owner of 130 acres of land in Coffee County, 100 acres of which lies on one side and thirty acres on the other side of the Murfreesboro and Manchester Turnpike. His dwelling-house was on the 100 acres, and this is proven to have been worth $2,000. Before the levy on the thirty acres now in controversy was made, a levy had been made on the 100 acres. Sale under this levy was had, and

the creditor bought it. The time of redemption having expired, Mrs. Rayburn filed a bill to set up a resulting trust in the land, claiming that her money was invested in it.

In the meantime the thirty acres had been levied upon—11th October, 1878 — by another judgment creditor, who bought it at the sale. Still another redeemed from him, and then recovered the thirty acres in ejectment. The last creditor was the present defendant, Norton. Mrs. Rayburn, by next friend, thereupon files the bill in this cause against Norton, alleging that her husband was the owner of the 130 acres; that the 100 acres had been levied upon and sold and bought by the creditor, Hancock; that the thirty acres left was not worth $1,000; and that she was entitled to homestead in connection with her husband upon said thirty acres, not having conveyed the same, or done anything to forfeit the homestead right, and she sought to enjoin the writ of possession in the ejectment suit. Injunction issued accordingly, and was executed.

Defendant answered, and insisted that the complainant and her husband occupied the 100 acres as a homestead; that since the levy on the thirty acres complainant and her husband had conveyed valuable land, either absolutely or in trust, more than sufficient for a homestead, and in fact the real homestead.

In the evidence it appeared that they had made some conveyances; that since the levy on the thirty acres they, in the name of Mrs. Rayburn, borrowed

$1,000 from G. N. Tillman, and she and her husband executed a deed of trust to secure its payment on the 100 acres on the 15th October, 1881. This instrument recites that Mrs. Rayburn has compromised the suit against Hancock, the defendants agreeing that upon her paying $1,000 in satisfaction of Hancock's debt, title to the land sold by Hancock should be vested in Mrs. Rayburn, and this money received of Tillman was to "assist" in such payment.

In this conveyance Rayburn and wife convey all their "right, title, claim, and interest, including any homestead right of both Wm. G. and wife, E. J. Rayburn, and also 'my right of dower in said E. J. Rayburn (if any or either exists according to law) in and to all the land'" involved in the Hancock suit (describing it), "upon which the said Rayburn now lives, except five acres this day deeded by us to W. K. Peay." For this five acres they received $130.45.

In pursuance to the compromise referred to, a decree was subsequently entered vesting title in Mrs. Rayburn.

Upon these facts the Chancellor held that complainant was entitled to the relief sought, and so decreed. The defendant appealed, and the Commission of Referees report in favor of reversal.

The decree is erroneous. It has been held by this Court that a husband may mortgage a part of the tract of land on which he resides with his family without his wife joining with him, provided

he retain enough of it for a homestead, and that if the wife subsequently join him in a conveyance of the homestead, she cannot afterwards claim homestead in that part previously conveyed by the husband alone. *Hildebrand* v. *Taylor*, 6 Lea, 659; *Enochs* v. *Wilson*, 11 Lea, 228.

We hold the same rule applies where a creditor has levied upon and sold a part of such tract as where the husband had himself sold it.

The facts in this cause can make no change in the application of the rule. The compromise and decree vesting title in Mrs. Rayburn do not affect the right of Norton, who was no party to that proceeding; nor was the thirty acres in controversy there, and he is of course not bound by the decree.

In this case no question of resulting trust is made. The sole question is that she is entitled to the homestead because her husband was the owner of the entire tract—one hundred and thirty acres. So far as the result in the Hancock case is concerned, it must be treated in this case precisely as if Rayburn had been vested with the title. The record relied on from that case shows that before the decree was entered Mrs. Rayburn joined in conveying the land, upon which they realized over one thousand dollars while it was still the property of the husband, though to effectuate the compromise.

The decree should be reversed, and the bill dismissed with cost.