THREAT *v.* MOODY.

(*Knoxville.*    October 28, 1888.)

HOMESTEAD.    *Widow's right of.    Under Code of 1858 and subsequent acts.*

Widow's right to homestead is determined by the laws in force at date
of her husband's death; therefore, where the husband, being "head
of a family," died in this State in 1863, owning land, his widow is
not entitled to homestead under the laws subsequently enacted; nor
under then existing laws, unless the husband had filed declaration of
his intention to claim homestead.

Acts cited: Acts 1867–8, Ch. 85; Acts 1870 (second session), Ch. 80;
Acts 1879, Ch. 171.

(See Code, §§ 2935–2946 (M. & V.); §§ 2113*a*–2122*a* (T. & S.).

Cases cited and distinguished: Vincent *v.* Vincent, 1 Heis., 343, 344;
Merriman *v.* Lacefield, 4 Heis., 209.

FROM FENTRESS.

Appeal from Chancery Court of Fentress County.
T. W. WADE, Sp. Ch.

S. N. VANCE for Complainant.

L. T. SMITH and WASHBURN & TEMPLETON for
Defendants.

FOLKES, J.    This case was tried in the court be-
low on bill and answer.

The question presented for our determination is one of homestead, and arises upon the following state of facts:

Jonathan Moody died intestate at his home in Fentress County in 1863, residing upon and the owner of the land described in the bill. He left surviving him his widow, Lottie, now the wife of defendant Elijah Waters, and two children, then minors, both of whom were adults when this bill was filed. Collier Moody, one of the children, has sold and conveyed his interest in his father's estate to complainant, who files his bill against the widow and her present husband and against the other child of Jonathan Moody, Nancy Moody, seeking a partition of the lands. The widow has been in possession of and resided upon said land since the death of her husband, with the two children as members of her family, until their majority, the daughter still living with her and her present husband.

The widow insists that she is entitled to have a homestead of the value of one thousand dollars, as fixed by the Act of 1870, set apart to her, and if mistaken in this, then to a five hundred dollar homestead, under Code of 1858, and to have dower allotted.

Complainant admits that she is entitled to dower, but denies her right to homestead.

The Chancellor allowed the claim for dower, but refused homestead, and the case is here on the appeal of the widow and her present husband.

There is no error in the decree complained of.

The homestead to which the widow and children are entitled is governed by the law in force at the time of the husband's, or father's, death.

Both under the Code of 1858 and the acts subsequent thereto the homestead exemption is to the housekeeper or the head of the family, and it is to his rights that the widow and children succeed.

Under the Code of 1858, which was in force at the time of the death of Jonathan Moody, this homestead exemption was not to exceed in value five hundred dollars, and to be entitled to this such "housekeeper or head of a family" was to have recorded in the register's office of the county where the land lay a declaration of his intention to claim such exemption.

By the same act "the homestead *exempt in the hands of a husband* [the italics are ours] shall, upon his death, go to his widow during her natural life or widowhood; upon the death or marriage of the widow, to go to the minor children of the deceased husband." So that it is clear that if the widow in this case had applied for homestead prior to the Act of 1870, which repealed the provisions of the Code of 1858, above referred to (as also the Act of 1867–8, Chapter 85, amendatory thereof), she would have been repelled, because her husband was not himself entitled to such exemption by reason of his failure to make and register the declaration of intention; and if the application had

been made after her marriage with her co-defend-
ant, Elijah, she would have been repelled for that
reason, even had there been a declaration of in-
tention; or rather she would, by such marriage,
have lost the right had she otherwise possessed
it, and, if existing, it would, as we have seen,
passed to the children of the first marriage.

For the widow counsel insist that the registra-
tion of the declaration of intention was for the
benefit of creditors merely, so as to give them no-
tice of their debtor's intention, and does not apply
to the *right of homestead* as between the widow
and the children; and that the *homestead right hav-
ing survived to the wife*, the provision forfeiting the
right by re-marriage having been repealed, the wife
is now entitled to assert her rights, and that the
homestead acquired under the Act of 1868 was en-
titled to the benefit of the extensions contained in
the Acts of 1870 and 1879.

These contentions all *assume*, instead of establish-
ing, the question which lies at the root of the con-
troversy. They assume the "right of the wife to
homestead," and then address themselves to the
effect of the acts subsequent to the Code of 1858,
repealing the forfeiture clause for re-marriage and
repealing the clause as to declaration of intention
and enlarging the value to one thousand dollars,
apparently losing sight of the fact that the wife
or widow has no homestead rights to be repealed
or enlarged, except such as her husband enjoyed

at the time of his death, and which, by his death, passed to her.

He having no homestead rights at the time of his death, under the law as it then existed, she can have none in his lands.

The distinction between this case and the cases of *Vincent* v. *Vincent*, 1 Heis., 343–4, and *Merriman* v. *Lacefield*, 4 Heis., 209, relied on by counsel for the widow, is obvious.

These cases adjudge that, under the provisions of our statute, § 2288, T. & S. Code, which enacts that "property exempt by law from execution shall, on the death of the husband, be exempt from execution in the hands of and be vested in the widow," etc. The words "property exempt by law from execution" are not restricted to the specific articles enumerated in the Code, but embrace all property which may thereafter be exempted by legislative enactment.

This is merely the announcement of the familiar rule of construction that "a remedial statute shall be extended to later provisions by subsequent statutes."

The effect of which was to give to the widow not only the articles enumerated in the statute as exempt at the time of the passage of the act entitling her to her husband's exemptions at the time of his death, but to give her such additional articles as had, by subsequent legislation, been exempted to her husband.

But there, as here, her rights are dependent upon what were her husband's exemption rights under the statute of which she seeks to avail herself.

We hold, therefore, that the rights of the widow and children concerning homestead are determined by the law in force at the time of the death of the husband or father. See Thompson on Homestead, § 543.

The decree of the Chancellor is affirmed and cause remanded for the allotment of dower, which must include the mansion house, etc., but the value of the improvements is not to be regarded in estimating the quantity of land to be assigned her unless the improvements cannot be assigned without manifest injustice to the children, etc., as provided in §§ 3248, 3249, M. & V's Code, and construed in 1 Heisk., 333, and 5 Bax., 640.

The costs of this Court will be paid by Elijah Waters, and the costs below as may be adjudged by the Chancellor.

---

## HOMESTEAD.

### I. STATUTES.

1. CODE OF 1858, §§ 2114–2123.

Under Code of 1858, "each housekeeper or head of a family in this State" was allowed a homestead worth five hundred dollars out of real estate occupied by him and including mansion and out-houses, provided he had registered a declaration of his intention to claim it. After its assignment the husband could not alien the homestead with-

out the wife's joinder in his deed; and upon his death it passed to his widow "during life or widowhood," then to his minor children; and upon failure of both, it went first to pay the husband's debts, then the wife's, and then to the husband's heirs.

2. ACTS 1866–7, CH. 36.

Made leasehold estates of two to fifteen years subject to homestead exemption, except as to rents.

Code, §§ 2938, 2939 (M. & V.); §§ 2113a, 2113b (T. & S.).

3. ACTS 1867–8, CH. 85 (March 12, 1868).

Extended homestead exemption to equitable estates, increased its value to one thousand dollars, and dispensed with declaration of claimant's intention. (See 11 Heis., 45.) It excepted purchase money and previous contracts.

4. ACTS 1870, CH. 80 (June 27, 1870).

Passed to enforce Art. XI., § 11, of the Constitution. It repeals the provisions of the Code of 1858, and the Act of 1867–8, Ch. 85.

See Code, §§ 2114a–2122a (T. & S.); Shankland, pp. 117–119.

5. ACTS 1873, CH. 98.

Provides for assignment of homestead and dower.

Code, § 2944 (M. & V.); § 2119b (T. & S.) Addenda.

6. ACTS 1879, CH. 171 (March 26, 1879.)

Amended Act of 1870 so as to dispense with the requirement of occupancy, and gave claimant the right of election.

Code, § 2935 et seq. (M. & V.).


II. DECISIONS.

ABANDONMENT.

By widow's removal to another State with infant child. (Act 1870); 1 Bax., 42.

Aliter as to child since Act of 1879. 16 Lea, 470.

Infant's removal by his guardian is not. (Act 1870); 13 Lea, 120.

By permanent removal of husband and wife from the premises. (Act 1870); 2 Lea, 633, 237; 9 Lea, 176; 11 Lea, 478; 14 Lea, 336; 4 Lea, 672.

Temporary removal to serve as jailer is not. (Act 1870); 9 Lea, 671.

ALIENATION. (See Waiver, Fraudulent Conveyance.)

By joint deed of husband and wife. 9 Bax., 299, 393; 4 Lea, 672.

Threat *v.* Moody.

Of *assigned* homestead by husband's deed without wife's joinder, invalid. (Act 1868) ; 1 Bax., 220; 4 Bax., 232; 8 Lea, 389 ; 9 Lea, 563. Otherwise as to unassigned homestead. *Id.*

By husband's deed without wife's joinder invalid, and cloud upon title. (Act 1870) ; 7 Bax., 116; 1 Lea, 543; 15 Lea, 527; 1 Leg. Rep., 316; 2 Leg. Rep., 248; 1 Bax., 220; 2 Tenn. Ch., 606.

By deed signed but not acknowledged by wife, invalid. (Act 1870) ; 1 Lea, 543; 10 Lea, 630.

By deed properly executed by wife but purporting to be the husband's alone, invalid. 2 Tenn. Ch., 606; 2 Lea, 271.

Husband alone may alien all his lands, reserving his homestead. 6 Lea, 659; 11 Lea, 228.

His deed passes the remainder interest in homestead. 1 Lea, 543; 1 Leg. Rep., 22; 2 Leg. Rep., 248; 15 Lea, 527.

By deed of deserted husband; effect. 11 Lea, 478.

Infant's rights not affected by widow's deed. (Act 1879) ; 16 Lea, 470.

Husband's mortgage, after Act of 1870, for debt contracted before, defeats homestead. 11 Lea, 327; but see 1 Bax., 220.

Express waiver in deed not essential. 9 Bax., 393, 299; 5 Lea, 100; 2 Lea, 237.; 6 Lea, 575; 86 Tenn., 451; 2 Leg. Rep., 68.

Not by husband's acts *in pais* under Act 1868. 11 Lea, 642.

ASSIGNMENT. (See Value.)

Commissioners must be freeholders, and not related to parties. 7 Cold., 153.

As to fees of. (See Code, § 5333 (M. & V.).

Proceedings may be reviewed by *certiorari.* 7 Cold., 153.

By County Court in insolvent proceedings proper. 6 Lea, 605.

By Circuit Court in action of ejectment proper. 9 Lea, 545; 10 Lea, 564.

Officer's failure to set it apart does not defeat homestead. 4 Lea, 212.

Sale, subject to unassigned homestead, valid. (Act 1879) ; 16 Lea, 371.

Mode of assigning dower and homestead. 1 Leg. Rep., 281; (Acts 1873, Ch. 98).

Re-assignment not allowed. 6 Lea, 379.

Sheriff, not necessary party to bill for assignment of homestead out of lands ordered to be sold under attachment. 1 Tenn. Ch. R., 174.

CONSTITUTIONAL QUESTIONS.

Homestead laws allowing or increasing the exemption cannot operate upon pre-existing contracts. 11 Heis., 48; 1 Bax., 220; 6 Bax., 225; 7 Bax., 384; 11 Lea, 327; 1 Lea, 384.

Requirement that wife shall join in conveyance of homestead may operate retrospectively. 1 Bax., 220.

Threat *v.* Moody.

So as to liability for torts, homestead laws may be retrospective.   6 Lea, 406.

CONSTRUCTION.

Of homestead laws should be liberal.   11 Heis., 515; 9 Lea, 548; 11 Lea, 649.

DEBTS.   (See Purchase Money.)

Homestead exemption is allowed against—                                    •
   —Money borrowed to pay for land to which it attaches.   4 Lea, 212. (But see 1 Lea, 228.)
   —State's claim against delinquent tax collector.   11 Lea, 642.
   —Liability for a tort, when.   6 Lea, 406.
   —Debts created since Act 1868, and prior to Constitution and Act 1870, $1,000 exempt.   11 Heis., 45; 1 Bax., 220.   *Aliter*, as to debts created prior to Act 1868.   6 Bax., 225; 7 Bax., 384; 1 Lea, 384.

Exemption is not allowed against—
   —Novated or other purchase money debt.   3 Lea, 353; 1 Lea, 228; 5 Heis., 58.   (But see 4 Lea, 212.)
   —Debts created prior to Act, though reduced to judgment or revived by new promise since.   9 Bax., 592; 7 Bax., 384.
   —Debts created for improvements, whether secured by mechanic's lien or not.   9 Bax., 216; 11 Lea, 327; 1 Leg. Rep., 209.

ESTATES AND LANDS.

Homestead is a life estate.   13 Lea, 622; 1 Leg. Rep., 23.

Estates and lands subject to homestead—
   —Life estates.   9 Lea, 548.
   —Equitable estates.   13 Lea, 622; 3 Tenn. Ch., 550.
   —All of debtor's lands, whether occupied or not, since Act 1879. 15 Lea, 527.

Estates and lands not subject to homestead—
   —Lands leased on shares.   (Act 1870) ; 9 Bax., 612.
   —Undivided interests.   (Act 1870) ; 3 Lea, 76.
   —Lands purchased by fraudulent conversion of debtor's assets.   2 Leg. Rep., 74.
   —Lands purchased by guardian with his ward's funds.   3 Lea, 634.
   —Lands purchased with partnership assets.   3 Lea, 118.
   —Lands fraudulently conveyed by husband and wife to third person, and by that person to the wife.   Cowan *v.* Johnson (MSS.), cited in 2 Lea, 183; 3 Lea, 302; 8 Lea, 395; 3 Tenn. Ch., 553.
   —Remainder interest in homestead.   2 Lea, 579; 3 Lea, 203.

FRAUDULENT CONVEYANCE.

Reservation of homestead in deed is not badge of fraud.    2 Lea, 511; 6 Lea, 49.

Of husband to wife—effect on wife's right to homestead.    2 Lea, 180; 3 Lea, 302; 8 Lea, 389.

Purchase of homestead, with debtor's individual or firm assets, or with his ward's funds, fraudulent.    2 Leg. Rep., 74; 3 Lea, 634, 118.

HUSBAND AND WIFE.

Husband procuring wife to join in mortgage to be considered creditor's agent.    9 Lea, 204.

Wife may by next friend, or jointly with her husband, maintain bill *quia timet* to set aside husband's deed as cloud on title.    7 Bax., 116; 1 Lea, 543; 1 Leg. Rep., 316, 326.

IMPROVEMENTS.

No exemption as to debt created for.    9 Bax., 216; 11 Lea, 327; 1 Leg. Rep., 331.

NON-RESIDENT.

Not entitled to homestead.    1 Bax., 42; 14 Lea, 369; 87 Tenn., 78.

OCCUPANCY.

Essential as to husband and wife.    (Act 1870); 2 Lea, 633; 9 Lea, 176; 14 Lea, 336; (but see 11 Heis., 515.)

As to infants.    (Act 1870); 1 Bax., 42; *contra* 13 Lea, 120.

Lessor, not occupant of land.    (Act 1870); 9 Bax., 612; 11 Lea, 478.

Using lot as garden, though not residing on it, is occupancy.    (Act 1870); 11 Heis, 515.

Not essential since Act 1879.    15 Lea, 527.

MARSHALING SECURITIES.

(See 11 Lea, 391; 86 Tenn., 451, 659; White *v.* Fulghum, *post*, p. —, overruling 11 Lea, 391.)

PERSONS ENTITLED TO HOMESTEAD.

Head of family—

—Husband, who has lost wife and children after acquiring homestead.    5 Lea, 722.

—Widow, living on dower with orphan children of relatives.    2 Tenn. Ch., 33.

—Widower with two children.    3 Tenn. Ch. R., 464; (see generally 1 Lea, 751; 3 Hum., 216; 8 Bax., 420.

Widow and children—

—Widow, as against adult heirs or devisees.    (Act 1870); 1 Lea, 701; 87 Tenn., 78.    *Aliter* under Act 1868.    9 Bax., 127.

Threat *v.* Moody.

—Widow entitled to both homestead and dower. (Act 1870); (see Acts 1873, Ch. 98); 1 Lea, 701; 1 Leg. Rep., 281. *Aliter* under Act 1868. 9 Bax., 127; 4 Heis., 220; 1 Leg. Rep., 328.

—Widow of an insolvent testator without dissent. 4 Lea, 671.

—Widow, removed from premises by husband, entitled against husband's vendee. (Act 1870); 1 Leg. Rep., 28.

—Widow entitled in remaining lands, though husband had conveyed to her other lands. 85 Tenn., 211.

—Infant removed by its guardian. (Act 1870); 13 Lea, 120; (but see 1 Bax., 42.)

Delinquent tax collector as against the State. 11 Lea, 642.

As to liability on guardian's bond renewed after homestead acts. 10 Lea, 630; (see also 11 Lea, 327.)

### Persons not Entitled.

Non-resident widows. (Act 1870); 14 Lea, 369; 87 Tenn., 78; 1 Bax., 42.

Widow, as against adult heirs under Act 1868. 9 Bax., 127.

Heirs, in lands descended, as against their ancestor's debts contracted prior to 1868. 1 Lea, 384.

Widow and heirs under statutes giving them exempt property. 9 Bax., 127; 4 Heis., 209.

Widow who had eloped. 87 Tenn., 78.

Wife, where marriage is void. 7 Lea, 448.

Wife, where, after sale of husband's other lands by his deed or under execution, she joins in conveyance of homestead. (Act 1870); 6 Lea, 659; 85 Tenn., 351.

### Purchase Money.

What is purchase money. 1 Lea, 228; 3 Lea, 353; 5 Heis., 58.

What is not. 4 Lea, 212.

### Remainder Interest.

May be sold for decedent's debts. 2 Lea, 579.

Or under execution. 3 Lea, 203; 9 Lea, 545; 10 Lea, 564; 16 Lea, 371.

Or conveyed by husband's sole deed. 1 Lea, 543; 15 Lea, 527; 1 Leg. Rep., 22; 2 Leg. Rep., 248.

### Sale of Homestead.

For re-investment. 3 Lea, 354; 3 Tenn. Ch., 465.

### Value.

Once valued, no re-valuation allowed. 6 Lea, 379. (Unless perhaps for fraud. *Id.*)

Fixed by value of the *fee.* 9 Lea, 545; 13 Lea, 622.

Threat *v.* Moody.

WAIVER.

Express, not essential in deed. 9 Bax., 393, 299; 5 Lea, 100; 2 Lea, 237; 6 Lea, 575; 86 Tenn., 451.

Not effected, under Act of 1868, by husband's acts *in pais.* 11 Lea, 642.

By wife's joinder in conveyance of homestead after husband's other lands have been sold, homestead in the latter is defeated. 11 Lea, 228; 85 Tenn., 351.

WIDOW AND CHILDREN. (See Persons.)